IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD BURKE, | ) | CASE NO. 1:09 CV 646 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

**Introduction**

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Leonard Burke, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Burke had severe impairments consisting of degenerative disc disease of the cervical spine status post discectomy and fusion, low back pain, right shoulder pain, abdominal pain, and depression.[1]  The ALJ made the following finding regarding Burke's residual functional capacity:

---

[1] Transcript ("Tr.") at 18.

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he should never climb ladders.[2]

Given that residual functional capacity, the ALJ found Burke unable to perform his past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Burke could perform.[4] The ALJ, therefore, found Burke not under a disability.

Burke asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Burke argues that the residual functional capacity finding lacks the support of substantial evidence for want of a necessary medical source opinion. Further, Burke submits that the ALJ committed reversible error by failing to obtain a psychological consultative examination as recommended by the medical expert who testified at the hearing.

I conclude that the residual functional capacity opinion does lack the support of substantial evidence because the record contains no medical source opinion covering the period after April 26, 2006, despite the presence in the transcript of substantial medical records after that date. This case, therefore, must be remanded for further proceedings.

---

[2] *Id.* at 19.

[3] *Id.* at 23.

[4] *Id*. at 24.

**Analysis**

Although the administrative record in this case is lengthy, the dispositive issue is a narrow one. Burke has multiple impairments, mostly orthopedic – degenerative disc disease of the cervical spine status post discectomy and fusion, low back pain, right shoulder pain, abdominal pain, and depression.[5] The state agency reviewing physician, Dr. Paul Morton, opined in 2006 that Burke was capable of medium work without environmental or nonexertional limitations.[6] The ALJ decided to give this opinion "less weight" because the records from treating physicians and the opinion of a medical expert, Franklin Plotkin, M.D., showed the claimant more limited because of chronic pain.[7]

The ALJ did call Dr. Plotkin as a non-examining medical expert at the hearing. The ALJ gave Dr. Plotkin's testimony "great weight" even though he offered little or nothing in terms of useful opinions. With respect to Burke's depression, he testified that it was hard to evaluate, and the ALJ might consider getting a psychological evaluation.[8] Dr. Plotkin also declined to offer a residual functional capacity opinion because he did not have complete medical records.[9]

---

[5] *Id*. at 18.

[6] *Id.* 703-10.

[7] *Id*. at 22.

[8] *Id.* at 914.

[9] *Id.* at 919.

Dr. Plotkin testified that the last medical record he had was 10F, which covered the period from March 2, 2006 to April 26, 2006; he did not have subsequent medical records, which ran through July 2, 2008.[10] Because of the lack of these records, Dr. Plotkin refused to give an opinion as to residual functional capacity.[11]

Despite this refusal, the ALJ proceeded to find a residual functional capacity for light work without environmental and nonexertional limitations. This runs contrary to my opinion in *Deskin v. Commissioner of Social Security*.[12] Having rejected the state agency physician's residual functional capacity opinion, which did not include more than two years of medical records, and in the face of Dr. Plotkin's refusal to give a residual functional capacity opinion for want of complete records, the ALJ nevertheless proceeded to interpret the raw medical data in functional terms by making a residual functional capacity finding.

As I stated in *Deskin*:

> "As a general rule, when a transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated non-examining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing."[13]

Here, the ALJ seemed to have sensed that the state agency physician's residual functional capacity opinion would not be adequate and sought to make a complete record by calling

---

[10] *Id*. at 917-18.

[11] *Id*. at 919.

[12] *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008).

[13] *Id.* at 912.

Dr. Plotkin as a medical expert.  Although he gave Dr. Plotkin's opinion great weight, he ignored that physician's refusal to give a residual functional capacity opinion because of the absence of a complete record.  The ALJ then went on to do that which *Deskin* states that he may not – interpret raw medical data in functional terms in the absence of a physician's residual functional capacity opinion.

According to *Deskin*, the ALJ may proceed without a physician's opinion only in a limited number of cases.  The medical evidence shows relatively little physical impairment, and the ALJ can render commonsense judgment about functional capacity.[14]

Here, there is enough evidence of physical impairment to justify the need for a physician's opinion.  This case, therefore, must be remanded consistent with *Deskin*.

I am aware that a district judge of this Court recently criticized *Deskin* in *Henderson v. Commissioner of Social Security*.[15]  Henderson involved a case in which the ALJ made a residual functional capacity finding different from those expressed in the opinions of medical sources.  The magistrate judge's report and recommendation, which the district judge overruled, relied on *Deskin* for the proposition that an ALJ may not adopt a residual functional capacity finding different from those given by medical sources who have offered opinions on such capacity.[16]  *Deskin* is not that broad.  Its holding addresses only those

---

[14] *Id.*

[15] *Henderson v. Comm'r of Soc. Sec.*, No. 1:08CV2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010).

[16] *Id.*  It should be noted that the Sixth Circuit has recently held that where the ALJ adopts a residual functional capacity finding different from those opined by medical sources in the record, the ALJ must give an explanation for "his own conclusion." *Hensley v. Astrue*,

-5-

situations in which an ALJ makes a residual functional capacity finding on a record devoid of any medical source opinion on such capacity or a record containing opinions expressed without the benefit of review of a substantial amount of relevant medical records.

  This case is much more analogous to *Deskin* than to *Henderson*. Here the record did not contain a medical source opinion given based on a review of the substantial amount of medical records generated after April 26, 2006. The medical expert called at the hearing, Dr. Plotkin, expressly declined to give a residual functional capacity opinion because he had not reviewed those records. Nevertheless, the ALJ forged ahead to interpret the "raw medical data" in functional terms in the absence of a medical source opinion. This case does not come under the *Deskin* exception because Burke had significant physical impairments, making a commonsense judgment about functional capacity not possible. The residual functional capacity finding, therefore, lacks the support of substantial evidence.

  Despite Dr. Plotkin's suggestion that the ALJ should have or might have obtained a psychological evaluation, there exists sufficient evidence that Burke did not have a condition that warranted additional mental limitations. References to depression appear in the medical records, but he took Paxil, which improved his condition and which he tolerated well. Also, Burke never sought or received treatment for depression from any source other than his treating physician.

---

573 F.3d 263, 266 (6th Cir. 2009). The *Deskin* rationale, therefore, extends to situations such as those presented in *Henderson* to the extent that the ALJ has an obligation to articulate the reasons why he rejected the opinions of the medical sources in favor of his own finding.

## Conclusion

Based on the foregoing, the decision of the Commissioner denying Burke's application for supplemental security income is reversed and the case remanded for reconsideration of the residual functional capacity finding with the assistance of a medical opinion as to Burke's work-related limitations.

IT IS SO ORDERED.

Dated: September 29, 2010         s/ William H. Baughman, Jr.
                                  United States Magistrate Judge